IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARCUS CRAWFORD, # N-30639, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-466-JPG |
| ) | |
| MAJOR KALAHER, C/O SIMON, ) | |
| C/O BROWNING, and C/O BAKER, ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Marcus Crawford,[1] who is currently serving a 20-year sentence for burglary at Shawnee Correctional Center ("Shawnee"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His handwritten pleading is entitled "Complaint for Preliminary Restraining Order and for Temporary and Permanent Injunction" (Doc. 1). Plaintiff did not pay the filing fee for this case. The civil filing fee is now $400.00, unless leave to proceed *in forma pauperis* ("IFP") is granted pursuant to 28 U.S.C. § 1915. *See* 28 U.S.C. § 1914(a).[2] When Plaintiff filed this case on May 16, 2013, he was informed by letter from the Clerk of Court that he must either pay the required fee or file a motion for leave to proceed IFP by June 17, 2013 (Doc. 2). He responded by submitting his prison trust fund account statement (which currently shows a

---

[1] Plaintiff spells his first name as "Markus" in his complaint, but his name is spelled "Marcus" Crawford in the records of the Illinois Department of Corrections ("IDOC") on its inmate search page, as well as in some docket records of this Court. The Court shall use the spelling reflected in the IDOC records. *See* http://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last visited June 7, 2013).

[2] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judical Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee.

negative balance), and then filed a motion for leave to proceed IFP (Doc. 4) on June 7, 2013.

A review of Plaintiff's pleading and litigation history, however, reveals that he is not entitled to IFP status.  Therefore, if he wishes to proceed in this case, he must pre-pay the $400.00 filing fee for this action.

Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress."  28 U.S.C. § 1915(a)(1).  Importantly, a prisoner incurs the obligation to pay the filing fee for a lawsuit when the lawsuit is filed, and the obligation continues regardless of later developments in the lawsuit, such as denial of leave to proceed IFP or dismissal of the suit.  *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998); *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

Before a case filed by a prisoner may proceed, the district court must conduct a prompt threshold review of the complaint, and must dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.  28 U.S.C. § 1915A.  In addition, and most pertinent to Plaintiff's complaint, 28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this [IFP] section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A review of documents filed in the electronic docket of this Court discloses that Plaintiff has accumulated well over three "strikes" as defined in § 1915(g).  During his imprisonment, Plaintiff has brought the following actions in this district seeking redress from officers or

employees of a governmental entity that have been dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted: *Crawford v. Snyder*, Case No. 02-cv-1141-DRH (S.D. Ill.) (strike 1, dismissed March 7, 2005, for failure to state a claim upon which relief may be granted); *Crawford v. Quigley*, Case No. 12-cv-1079-GPM (S.D. Ill.) (strike 2, dismissed Nov. 19, 2012, for failure to state a claim); *Crawford v. Quigley*, Case No. 12-1135-MJR (S.D. Ill.) (strike 3, dismissed Nov. 21, 2012 for failure to state a claim).[3] When the Court dismissed Case No. 12-1135 and gave Plaintiff his third strike, the order notified him that if he should file any future civil action while he is a prisoner, he would no longer be eligible to pay the filing fee in installments under the IFP provisions of § 1915(a) and (b), unless he could establish that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). He was informed that if he could not show such imminent danger, he would be required to pre-pay the full filing fee for any new case, or face dismissal of the suit. *See* Doc. 8 in *Crawford v. Quigley*, Case No. 12-1135-MJR.

The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the

---

[3] Plaintiff had four other cases pending in this Court at the time he incurred his third strike. Each of those cases has now been dismissed for failure to state a claim upon which relief may be granted, earning him a total of seven strikes. *See Crawford v. Casteel*, No. 12-cv-1094-MJR (S.D. Ill.) (dismissed Nov. 26, 2012); *Crawford v. Cheeks*, No. 12-cv-1096-MJR (S.D. Ill.) (dismissed Dec. 10, 2012); *Crawford v. Kalaher*, No. 12-cv-1101-JPG (S.D. Ill.) (dismissed Dec. 3, 2012); *Crawford v. Hilliard*, No. 12-cv-1102-GPM (S.D. Ill.) (dismissed Jan. 23, 2013).

harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

In this case, Plaintiff's pleading is devoid of allegations that might lead the Court to conclude that he is under imminent danger of serious physical injury. He complains that Defendants have harassed, intimidated, and retaliated against him for filing grievances and lawsuits against them (Doc. 1, p. 1). Their actions include placing him in segregation without justification, filing "bogus" disciplinary tickets against him that elevate minor infractions to major offenses, conducting shakedowns, threatening him with segregation for making complaints to the warden, reading his legal documents, and causing him to lose his minimum security placement and good time. The only allegation that remotely indicates any possibility of physical danger to Plaintiff is his claim that Defendant Baker, on March 21, 2013, accused Plaintiff of being a "stool pigeon" for the warden after Plaintiff made complaints about staff. Defendant Baker's statement was made loudly in the presence of staff and "numerous inmates" (Doc. 1, p. 3). Plaintiff asserts that this "unprofessional conduct" was deliberate and jeopardized his safety (Doc. 1, p. 4). Plaintiff does not indicate that this accusation led to any harm or even a threat of harm from any fellow inmates.

Based on the above statements, the Court concludes that Plaintiff has not shown that he is under imminent danger of serious physical injury so as to escape the "three-strikes" rule of § 1915(g). Thus, his motion to proceed IFP in this case (Doc. 4) shall be denied.

Further, Plaintiff's failure to mention the fact that he has "struck out" due to his numerous cases that have been dismissed for failure to state a claim comes dangerously close to fraud upon the court. The Court relies on a party's litigation history listed in his or her complaint

to adhere to the three-strike requirement of 28 U.S.C. § 1915(g), and thus there is a need for reliable information about prior litigation.  As a result, where a party fails to provide accurate litigation history, the Court may appropriately dismiss the action for providing fraudulent information to the Court.  *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011) (dismissal appropriate where Court-issued complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal).  *See also Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) (termination of the suit is an appropriate sanction for struck-out prisoner who took advantage of court's oversight and was granted leave to proceed IFP); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999) (litigant who sought and obtained leave to proceed IFP without disclosing his three-strike status committed a fraud upon the court).  Plaintiff is **WARNED** that if he seeks to file any future action in this Court that fails to notify the Court of his three-strike status and litigation history, that action shall be subject to immediate dismissal.

      **IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (Doc. 4) is **DENIED.**

      **IT IS FURTHER ORDERED** that Plaintiff shall pay the full filing fee of $400.00 for this action on or before July 18, 2013.  If Plaintiff fails to comply with this Order in the time allotted by the Court, this case will be dismissed without prejudice.  *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).  Further, an order shall enter requiring the prison trust fund officer to deduct payments from Plaintiff's prison account according to the guidelines of 28 U.S.C. § 1915(b)(1) until the filing fee is paid in full.  *See Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997).  Plaintiff shall note that his complaint is still subject to a merits review under § 1915A, and some of his claims may be subject to dismissal.

Plaintiff is **ADVISED** that if he fails to pay the filing fee for this action in a timely manner, the Court shall consider whether to impose a filing ban on him pursuant to *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995)) ("A prisoner who becomes ineligible under § 1915(g) to continue litigating *in forma pauperis*, and who then files additional suits or appeals yet does not pay the necessary fees, loses the ability to file future civil suits."). Due to the six lawsuits he filed in this district in October 2012, he has accumulated a substantial sum in unpaid filing fees, and now has added $400 to this total with the instant suit. *See Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999) ("[U]npaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation.").

Plaintiff is **FURTHER ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents, and may result in a dismissal of this action for want of prosecution.

**IT IS SO ORDERED.**

**DATED:  June 13, 2013**

                                                                s/J. Phil Gilbert
                                                                **United States District Judge**