**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MARCUS CRAWFORD, # N-30639,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13-cv-466-JPG** |
| | ) | |
| **MAJOR KALAHER, C/O SIMON,** | ) | |
| **C/O BROWNING, and C/O BAKER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for consideration of Plaintiff's motion to stay (Doc. 7), filed on July 15, 2013.  Previously, this Court denied Plaintiff's motion to proceed *in forma pauperis* ("IFP") and ordered him to pre-pay the $400.00 filing fee for this action by July 18, 2013 (Doc. 6).  Plaintiff has accumulated more than three "strikes" for having previous lawsuits dismissed as frivolous or lacking merit, and the Court determined that his allegations in this action did not show that he is under imminent danger of serious physical injury within the meaning of 28 U.S.C. § 1915(g).  Plaintiff was warned that if he did not pre-pay the fee as ordered, this action would be dismissed without prejudice.  He was further advised that if his fee is not paid, the Court would consider whether it would be appropriate to impose a filing ban on him pursuant to *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).  Plaintiff owes over $2,200.00 in fees for his previously-dismissed cases in this district, and in the instant complaint, he failed to mention the fact that he has "struck out" because of the dismissal of these cases.

In the instant motion, Plaintiff asks the Court to "stay its judgment – until plaintiff handles his 'three strikes issue' because the courts errored [sic] in issuing plaintiff strikes.

Plaintiff will prove this." (Doc. 7, p. 1).  The Court presumes that Plaintiff is referring to his appeal from this Court's denial of his motion to amend/correct the complaint in *Crawford v. Quigley*, Case No. 12-cv-1135-MJR (S.D. Ill.) (strike 3, dismissed Nov. 21, 2012, for failure to state a claim) (Seventh Circuit Appeal No. 13-2701).   By order of the appellate court, proceedings in that appeal have been suspended pending Plaintiff's payment of the appellate filing and docketing fee, or application to proceed IFP in the appeal (*See* Doc. 1, Appeal No. 12-2701).  A review of the appellate court's electronic docket and this Court's docket in Case No. 12-cv-1135 discloses no effort to date on the part of Plaintiff to prosecute that appeal by either paying the appeal fee or seeking permission to pay it in installments (either action must be directed to this District Court).

Plaintiff has already been given one extension of time to pay the filing fee for this action – he was originally told to pay within 30 days of the date he filed (Doc. 2), and was then given another 35 days (Doc. 6).  While this motion to stay has been pending, several more weeks have passed without any indication that Plaintiff has the ability to pre-pay the fee for this case.

Plaintiff has presented no compelling reason why this Court should keep this case open to linger on its docket while the appellate court resolves an issue that Plaintiff has taken no steps to advance.  As Plaintiff has been told, the dismissal of this case shall be without prejudice, meaning that it may be re-filed, providing that Plaintiff complies with the applicable fee payment requirements.  Nothing in this order shall be construed as a comment on the merits of Plaintiff's claims herein, which have not been evaluated pursuant to 28 U.S.C. § 1915A.

At this time, the Court shall not impose a filing ban upon Plaintiff.  However, further developments in Plaintiff's appeal, or in other cases filed in this Court, may indicate that such an order is appropriate.

**Disposition**

For the reasons outlined above, the motion to stay (Doc. 7) is **DENIED.**

Further, this case is **DISMISSED** without prejudice for failure to pre-pay the $400.00 filing fee as ordered.  Plaintiff's motion for preliminary injunction and temporary/permanent restraining order (Doc. 1) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Plaintiff shall pay the filing fee for this action as follows.  The agency having custody of the Plaintiff is directed to remit the $400.00 filing fee from his prison trust fund account if such funds are available.  If he does not have $400.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher.  Thereafter, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the $400.00 filing fee is paid in full.  The agency having custody of Plaintiff shall forward these payments from the Plaintiff's trust fund account to the Clerk of this Court each time the Plaintiff's account exceeds $10.00, until the $400.00 fee is paid.  Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202.  The Clerk is **DIRECTED** to mail a copy of this order to the Trust Fund Officer at Shawnee Correctional Center upon entry of this Order.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment.  Fed. R. App. P. 4(a)(4).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal.  *See* Fed. R. App. P. 3(e); 28 U.S.C.

§ 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.

**IT IS SO ORDERED.**

**DATED:  September 4, 2013**

s/ J. Phil Gilbert_____
**United States District Judge**